1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                         **WESTERN DIVISION**

11

12  JOHN ERIC BROWN,                    )        No.  CV 08-6414 CW
                                        )
13                    Plaintiff,        )        DECISION AND ORDER
              v.                        )
14                                      )
    MICHAEL J. ASTRUE,                  )
15  Commissioner, Social               )
    Security Administration,           )
16                                      )
                      Defendant.        )
17  _____  )

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks

21  review of the Commissioner's denial of disability benefits.  As

22  discussed below, the court finds that the Commissioner's decision

23  should be reversed and this matter remanded for further proceedings.

24                         **I.   BACKGROUND**

25       Plaintiff John Eric Brown was born on January 27, 1964, and was

26  forty-four years old at the time of his administrative hearing.

27  [Administrative Record ("AR") 18, 67.]  He has a high school education

28  and past relevant work experience as a vehicle repossessor. [AR 15.]

                                  1

Plaintiff alleges disability on the basis of congestive heart failure and knee, back and leg problems. [AR 91.]

## II.    PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on September 30, 2008, and filed on October 6, 2008.  On April 9, 2009, Defendant filed an answer and Plaintiff's Administrative Record ("AR").  On July 9, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.    PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on July 3, 2006, alleging disability since February 1, 2005. [AR 10, 67, 72.]  After the applications were denied initially and on reconsideration, Plaintiff requested and received an administrative hearing, which was held on May 13, 2008, before an Administrative Law Judge ("ALJ"). [AR 18.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff and a vocational expert. [Id.]  The ALJ denied benefits in a decision issued on July 14, 2008. [AR 10-17.]  When the Appeals Council denied review on August 25, 2008, the ALJ's decision became the Commissioner's final decision. [AR 1-3.]

## IV.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the

2

1   court determines that a finding is based on legal error or is not

2   supported by substantial evidence in the record, the court may reject

3   the finding and set aside the decision to deny benefits.  See Aukland

4   v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.

5   Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240

6   F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,

7   1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.

8   1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada

9   v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

10        "Substantial evidence is more than a scintilla, but less than a

11  preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence

12  which a reasonable person might accept as adequate to support a

13  conclusion."  Id.  To determine whether substantial evidence supports

14  a finding, a court must review the administrative record as a whole,

15  "weighing both the evidence that supports and the evidence that

16  detracts from the Commissioner's conclusion."  Id.  "If the evidence

17  can reasonably support either affirming or reversing," the reviewing

18  court "may not substitute its judgment" for that of the Commissioner.

19  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

20                          **V.   DISCUSSION**

21       **A.   THE FIVE-STEP EVALUATION**

22        To be eligible for disability benefits a claimant must

23  demonstrate a medically determinable impairment which prevents the

24  claimant from engaging in substantial gainful activity and which is

25  expected to result in death or to last for a continuous period of at

26  least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

27  721; 42 U.S.C. § 423(d)(1)(A).

28        Disability claims are evaluated using a five-step test:

                                    3

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v.

4

1  education, and work experience, a claimant can perform other work

2  which is available in significant numbers.  <u>Tackett</u>, 180 F.3d at 1098,

3  1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4      **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5       Here, the ALJ found that Plaintiff had not engaged in substantial

6  gainful activity since his alleged disability onset date (step one);

7  that Plaintiff had "severe" impairments, namely lumbosacral spine

8  discogenic disease changes at L5-S1, hypertension, sleep apnes,

9  obesity, and a left ankle condition (step two); and that Plaintiff did

10 not have an impairment or combination of impairments that met or

11 equaled a "listing" (step three). [AR 12-13.]  The ALJ determined that

12 Plaintiff had an RFC for light work, except that he can stand/walk for

13 two hours in an eight-hour workday, perform postural activities

14 occasionally, cannot climb ladders, ropes, and scaffolds, cannot work

15 at heights, needs a cane for long distance ambulation, and can walk on

16 uneven terrain occasionally. [AR 13.]   This precluded a return to

17 Plaintiff's past work as a repossessor (step four). [AR 15.]   The

18 vocational expert testified that a person with Plaintiff's RFC could

19 perform other work in the national economy, such as order clerk,

20 charge account clerk, and lamp shade assembler (step five). [AR 16.]

21 Accordingly, Plaintiff was found not "disabled" as defined by the

22 Social Security Act. [AR 17.]

23

24

25

26

27 <u>Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155
   n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
   nonexertional limitation.  <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
28 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1    **C.   ISSUE IN DISPUTE**

2    The parties' Joint Stipulation sets out the following disputed

3 issue: whether the ALJ properly considered the medical evidence as

4 contained in the treating physician records. [JS 3.]  Specifically,

5 Plaintiff asserts that the ALJ ignored and rejected the opinion of

6 Plaintiff's treating physician, Dr. Michael Rotslatt, "without

7 articulating any of the legally sufficient rationale required" in

8 disability cases. [JS 6-7.]

9    **D.   DR. ROTSLATT**

10   <u>**Background**</u>

11   In February 2008, Dr. Rotslatt completed a two-page questionnaire

12 entitled "Physical Capacities Evaluation," in reference to Plaintiff's

13 ability to function in an eight-hour workday. [AR 394-95.]  Dr.

14 Rotslatt's responses to the questions included the following

15 limitations: fifteen minutes of sitting, one hour of standing, and ten

16 minutes of walking at one time; two hours of sitting, two hours of

17 standing, and one hour of walking in total per day; the ability to

18 lift up to twenty pounds occasionally; the ability to carry up to ten

19 pounds occasionally; the ability to use his hands for repetitive

20 action and his feet for repetitive movements; occasional bending and

21 reaching; frequent crawling but no squatting or climbing; and

22 environmental restrictions such as no working at unprotected heights

23 and no work involving exposure to dust, fumes or gas. [<u>Id.</u>]  Dr.

24 Rotslatt did not include any remarks or explanation for his responses

25 in the questionnaire. [AR 395.]

26   The medical record includes treatment notes by Dr. Rotslatt

27 beginning in April 2005. [AR 325.]  Upon initial examination of

28 Plaintiff in April 2005, Dr. Rotslatt and another physician made an

6

assessment of hypertension, congestive heart failure, chronic renal insufficiency, dyslipidemia, obstructive sleep apnea, obesity and hypertrophic cardiomyopathy. [Id.]  Dr. Rotslatt prescribed medication and ordered additional testing. [Id.]  In May 2005, Dr. Rotslatt participated in another treatment visit and noted trauma and pain in Plaintiff's left ankle because it "gave out" on him. [AR 324.]   In November 2007, Dr. Rotslatt made an assessment of hypertension, chronic pain and obesity, gout and edema. [AR 314.]  Dr. Rotslatt prescribed a plan including medication, increased activity/movement, regular gym use to decrease obesity, and possible future increases in pain medication. [Id.]  In February 2008, Dr. Rotslatt noted that Plaintiff was "here mainly for pain problems," particularly pain in the left shin and left shoulder. [AR 277.]  Dr. Rotslatt took note of his prior findings and made an additional assessment of problems in Plaintiff's left tibia, left ankle, and the fifth toe of his right foot, minor impingement of the left shoulder, and chronic lower back pain. [Id.]

### The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law regarding Dr. Rotslatt's opinion and other medical evidence in the record:

> Dr. Rotslatt's opinion was conclusory in nature and was not substantiated by sufficient objective evidence such as treatment notes or diagnostic results.  The claimant acknowledged that he has not had treatment for his back for at least six to eight months.  The claimant testified that he has not had back surgery or injections.  Dr. Lee's examination of the claimant's back was

7

1  normal.[2]  The claimant complained of hand tightness and alleged

2  he could use his hands for only short periods of time.  However,

3  there was no nerve conduction study in the record to substantiate

4  his allegations.  In fact, March 2006 x-rays of the left hand

5  were normal (citing AR 174).  For these reasons, I accord less

6  weight to the opinion of Dr. Rotslatt.

7  [AR 15.]

8  **Discussion**

9  Ninth Circuit cases distinguish among the opinions of three types

10 of physicians: those who treat the claimant (treating physicians),

11 those who examine but do not treat the claimant (examining or

12 consultative physicians), and those who neither examine nor treat the

---

13

14  [2]   In October 2006, Dr. Raymond Lee conducted a comprehensive evaluation that included a record of Plaintiff's medical history,

15  review of medical records, and a physical, cardiovascular, musculoskeletal, and neurological examination. [AR 228-33.] In the administrative decision, the ALJ discussed Dr. Lee's opinion:

16

17  Raymond Lee, an internal medicine consultative examiner, examined the claimant in October 2006.  The claimant weighed 318 pounds

18  and stood 73 inches, corresponding to a body mass index in the obese category.  The claimant's blood pressure was 146/96.  There

19  was significantly decreased range of motion of the left ankle. The range of motion of all extremities appeared to be within

20  normal limits.  The physical examination of the back at the evaluation was unremarkable.  Dr. Lee opined that the claimant

21  could perform a range of medium work and that the claimant would benefit from the use of a cane for prolonged ambulation and

22  walking on uneven terrain for support.

23  [AR 15.]

24  Dr. J. Pobre, a state agency review physician, determined that based on review of the record, including the examination by Dr. Lee,

25  Plaintiff should be limited to a range of sedentary work. [AR 240-45.]
    The ALJ concluded that "I find Dr. Pobre's opinion to be

26  persuasive" because it was "consistent with the record as whole." [AR 15.]  The ALJ also determined that, "Dr. Lee's opinion is consistent

27  with Dr. Pobre's assessment in that Dr. Lee also believed that the claimant could perform at least a range of sedentary work." [Id.]

28

1    claimant (non-examining physicians).  Lester v. Chater, 81 F.3d 821,

2    830 (9th Cir. 1995); see also Orn v. Astrue, 495 F.3d 625, 631 (9th

3    Cir. 2007).  The opinion of a treating physician is given deference

4    because he is employed to cure and has a greater opportunity to know

5    and observe the patient as an individual.  Orn v. Astrue, 495 F.3d at

6    633; Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).

7        The opinion of the treating physician, however, is not

8    necessarily conclusive as to either physical condition or the ultimate

9    issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.

10   1989); Rodriquez v. Bowen, 876 F. 2d 759, 761-62 & n.7 (9th Cir.

11   1989).  "'The administrative law judge is not bound by the

12   uncontroverted opinions of the claimant's physicians on the ultimate

13   issue of disability, but he cannot reject them without presenting

14   clear and convincing reasons for doing so.'"  Reddick v. Chater, 157

15   F.3d at 725. (quoting Matthews v. Shalala, 10 F.3d 678, 780 (9th Cir.

16   1993)(quoting Montijo v. Secretary of Health & Human Servs., 729 F.2d

17   599, 601 (9th Cir. 1984).  Even if a treating physician's opinion on

18   disability is controverted, it can be rejected only with specific and

19   legitimate reasons supported by substantial evidence in the record.

20   Valentine v. Commissioner of Social Sec., 574 F.3d 685, 692 (9th Cir.

21   2009); Ryan v. Commissioner of Social Sec., 528 F.3d 1194, 1198 (9th

22   Cir. 2008); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005);

23   Lester v. Chater, 81 F.3d at 830-831.

24       "This can be done by setting out a detailed and thorough summary

25   of the facts and conflicting clinical evidence, stating his

26   interpretation thereof, and making findings."  Orn v. Astrue, 495 F.3d

27   at 632 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.

28   1989)).  "The ALJ must do more than offer his conclusions.  He must

                                    9

set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. (citing Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)); see also Costa v. Astrue, No. ED CV 07-1049-PJW, 599 F. Supp. 2d 1193, 1195-96 (C.D. Cal. Feb. 23, 2009)(holding that "the Ninth Circuit has made clear that an ALJ is required to explain his reasons for rejecting a treating doctor's opinion" and rejecting "the proposition that an ALJ can silently reject a treating doctor's opinion if he (silently) concludes that the opinion is not 'crucial.'").

In this case, contrary to Plaintiff's primary assertions that the ALJ "ignored Dr. Rotslatt's medical opinion," "offers no discussion or rationale why he rejects and ignores that opinion," and was "silent as to why Dr. Rotslatt's opinion is rejected," the ALJ did not fail to evaluate and discuss Dr. Rotslatt's opinion in detail, as set out above. Cf. Costa v. Astrue, 599 F. Supp. 2d at 1195-96. Accordingly, Plaintiff's assertion of legal error in this context is without merit.

Even so, however, it is not apparent that the reasons the ALJ did provide to discount Dr. Rotslatt's opinion met the Ninth Circuit's standard of "specific and legitimate reasons supported by substantial evidence in the record." See Orn v. Astrue, 495 F.3d at 633. In particular, it is not apparent that the ALJ's determination that Dr. Rotslatt's opinion was "conclusory in nature and was not substantiated by sufficient objective evidence such as treatment notes or diagnostic results" was a specific and legitimate reason according to the current record. Although Dr. Rotslatt's February 2008 Physical Capacities Evaluation, particularly the opinion that Plaintiff should be limited to only two hours of sitting in an eight-hour workday, was not directly accompanied by any remarks or explanation for his responses

10

1   in the questionnaire, the record does contain elsewhere multiple

2   treatment notes from Dr. Rotslatt that were pertinent to the

3   disability determination, as summarized above.  Because the ALJ's

4   decision did not appear to account fully for these treatment notes,

5   much less explain how they failed to provide sufficient objective

6   support for Dr. Rotslatt's opinion, the court cannot determine whether

7   the rejection of the opinion satisfied the Ninth Circuit standard.

8   Accordingly, remand for further development and clarification of the

9   record is appropriate, particularly with respect to the most important

10  aspect of Dr. Rotslatt's opinion, the imposed limitation on sitting.

11  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)(noting that

12  ALJ's duty to develop record may make it appropriate to re-contact

13  treating physician if the basis for the opinion was unclear).[3]

14       **E.   REMAND FOR FURTHER PROCEEDINGS**

15       The decision whether to remand for further proceedings is within

16  the discretion of the district court.  Harman v. Apfel, 211 F.3d 1172,

17  1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

18  further proceedings, or where the record has been fully developed, it

19

20       [3]     In addition to the reason discussed above, the ALJ gave
    controlling weight to the findings of the examining physician and the
    opinion of the state agency review physician, both of whom imposed a
21  less restrictive functional capacity than Dr. Rotslatt. [AR 15.]  To
    the extent that these opinions were based on independent clinical
22  findings, they constituted "substantial evidence," and the ALJ may
    therefore decide that the opinion of the treating physician was no
23  longer entitled to controlling weight.  See Orn v. Astrue, 495 F.3d at
    632.  Even so, however, the treating physician's opinion is "still
24  entitled to deference," and the ALJ must evaluate the weight to accord
    the treating physician's opinion according to the factors listed in 20
25  C.F.R. § 404.1527(d)(2)-(6).  See Id. at 632-33.  Examples of such
    factors include supportability by relevant evidence and consistency
26  with the record as a whole.   20 C.F.R. § 404.1527(d)(3) and(4).
    Because the legitimacy of the ALJ's evaluation based on these factors
27  is not apparent from the record, remand for further proceedings is
    appropriate.

28

is appropriate to exercise this discretion to direct an immediate award of benefits.  Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. Here, as set out above, outstanding issues remain before a finding of disability can be made.  Accordingly, remand is appropriate.

## VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1.  The decision of the Commissioner is **REVERSED**.

2.  This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.  The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: January 12, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

12